
**UNITED STATES FIDELITY & GUAR-
ANTY CO. v. BEALL et al.
Civ. No. 2482.**

District Court, N. D. Texas, Dallas Division.
.Oct. 14, 1947.

Curtis White, of Dallas, Tex., for plaintiff.

Thomas G. Murnane, of Dallas, Tex., for First Nat. Bank in Dallas.

Eugene DeBogory, of Dallas, Tex., for the Republic Nat. Bank.

W. C. Gowan, of Dallas, Tex., for Highland Park State Bank.

George Cochran and John Touchstone, both of Dallas, Tex., for the Great Atlantic & Pacific Tea Co.

Biggers, Baker & Lloyd, of Dallas, Tex., for Hunt Grocery Co.

ATWELL, District Judge.

The American Liberty Pipe Line Company of Dallas, Texas, had approximately 75 employees and a blanket indemnity policy issued for the respective fidelity of each by the plaintiff United States Fidelity & Guaranty Company.

The bank in which the pipe line company kept its account was the First National Bank in Dallas. Defendant Beall, an employee of the pipe line company, had charge of writing a certain class of checks. Because of some inactivity with reference to certain leases, checks were not forwarded to certain lease customers of the pipe line company and were placed in a suspended column of that particular customer's account.

That situation being known to Beall, and, apparently, appealing to his cupidity, he issued checks payable to those particular customers at various times, and by forging their endorsements, secured for his own use the funds. Some of those checks bore his own endorsement as well as the forged endorsement of the payee. Most of such improperly endorsed checks passed through the hands of several other banks and several commercial houses before reaching the First National Bank. Each of those handlers placed its endorsement on the check.

When the forgeries were discovered, the checks aggregated $3,459.42. The insuring company, the plaintiff here, paid that amount to the pipe line company and took an assignment from that company of its right of action against Beall and the en-

dorsers. It thereupon instituted this suit against Beall and the First National Bank. The various other parties were brought in under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The First National Bank and such impleaded parties as were brought in under the rules, call attention to the state statute of Texas which requires a depositor to make his claim against a bank for having paid out his money within 12 months. The exact wording is as follows: "A bank may notify a depositor by mail at his address as reflected by the records of the bank to call for cancelled items charged to his account, or may mail such cancelled items to the depositor at such address. · No depositor shall be permitted to dispute any charge to his account on the ground that the same is based upon a forged, unauthorized, raised or altered item unless, within one (1) year from the time check was paid, he shall notify the bank in writing that the item in question is forged, unauthorized, raised, or altered." Art. 342—711, Act 1943, 48th Legislature of Texas, p. 154, ch. 97, sub-ch. VII, art. 11, Vernon's Ann.Civ. St. art. 342—711.

No Texas case upon this statute has been cited, nor have I found any.

 The plaintiff answers that contention by claiming that that statute is for the benefit of the depositor. There are decisions which may be used as authority by both sides, some of which hold to the philosophy that what was done in this particular case was the payment by the bank of the face of the check out of its own moneys and not out of the moneys of the depositor. That the real action here is a charge against the depositor. That is a rather refined reasoning and may be somewhat of an atomic attack upon commonsense. Be that as it may, plaintiff stands solely in the shoes of the pipe line company. So the plaintiff can recover only, if and when the pipe line company could recover against endorsers as well as its depository. . It rather seems to me that the statute of limitation referred to is a general Act and not a special Act. All of these transactions involving the forgeries, the endorsements, and the payment of the checks took place several years prior to the institution of this suit. In truth, the pipe line company did not make known its suspicion of certain checks to the bank until May, 1946, and the assignment upon which the plaintiff sues was executed about the middle of December, 1946. The forgeries occurred in 1942 and 1943, in all probability. The date on each check will disclose that precise data.

 Another defense urged is the election of remedies by the pipe line company, knowing of the forgeries it chose and did demand of the surety company reimbursement and settlement. The guaranty company responded and paid. So that the pipe line company has no right of action now against either Beall or the First National Bank. The contention is that it had nothing to assign, having elected and been paid off. · The election means the choice of two inconsistent remedies.

Still another defense is asserted. That is based upon the contract that a depository bank makes with its depositors, who secured some of this forged paper, endorsed it, and deposited it in such bank for ultimate collection from the First National Bank, in some instances, after the item had passed through the Dallas Clearing House. Proof tends to show that the clearing house had its regulations as to responsibility to endorsers and the depositor's contract with his individual bank seem to limit the liability of such individual bank by contract either in deposit slip or bank book.

Some of the authorities bearing upon these questions are as follows: Insurance Co. of North America v. Fourth National Bank, 5 Cir., 28 F.2d 933, certiorari denied 279 U.S. 853, 49 S.Ct. 349, 73 L.Ed. 996; National Surety Co. v. Perth Amboy Trust Co., 3 Cir., 76 F.2d 87; Borserine v. Maryland Casualty, 8 Cir., 112 F.2d 409; United States Fidelity & Guaranty Co. v. Fidelity National Bank & Trust Co., 232 Mo.App. 412, 109 S.W.2d 47; Republic National Bank of Dallas v. Maryland Casualty Co., Tex.Civ.App., 184 S.W.2d 496.

A judicial recognition of the weight of the defenses urged · against the plaintiff's right to recover, forces a careful considera-

tion of the apparent lack of diligence in discovering the forgeries, of making claim for them and of such other rights as each of the parties now have as to their superiority in rightous reasoning as against the plaintiff's bounden obligation, paid for by the pipe line company, to make good the defalcations of this employee.

Judgment will go for the plaintiff against defendant Beall, and against the plaintiff as to all other parties to this action, whether an original defendant or impleaded under the rules.